# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERRENCE K. ALDEN,**

   **Petitioner,**

**v.**                     **Civil Action No. 5:09cv76**
                               **(Judge Stamp)**

**UNITED STATES PAROLE COMMISSION,**

   **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* petitioner initiated this § 2241 habeas corpus action on June 25, 2009. After payment of the required filing fee, the respondent was directed to show cause why the petition should not be granted. The respondent filed a Response to Show Cause Order and Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on September 3, 2009.

Shortly thereafter, the petitioner requested permission to file an amended petition. Permission was granted and the petitioner filed an amended petition on November 3, 2009. On December 4, 2009, the respondent filed a Motion to Dismiss Amended Petition.

Because the petitioner is proceeding without counsel, a Roseboro Notice issued on December 7, 2009. The petitioner filed his response to the respondent's motions on January 26, 2010.

### II. The Petitioner's Convictions, Sentences and Parole History

According to the parties, the petitioner was in the custody of New Jersey authorities for a murder committed in 1974 for which he received a life term and seven years. In 1976, while serving his state sentence, the petitioner escaped from state custody and committed a series of federal bank

robberies. He was arrested by federal authorities in August 1977 and later sentenced to a 125-year aggregate prison term for armed bank robbery by the United States District Court for the Eastern District of Missouri. In 1983, the United States District Court for the Southern District of Illinois sentenced the petitioner to five years for attempted escape. He also received a 10-year prison term in 1984 for conspiracy to instigate, aid or assist an escape. The petitioner's sentences have been combined to form an aggregate sentence of 135 years.

It is undisputed that the petitioner initially became eligible for parole consideration on August 17, 1987. However, because he signed a waiver of initial parole consideration on December 20, 1986, the petitioner did not receive his initial parole hearing at that time. Instead, on September 12, 2006, in anticipation of completing thirty-years of his sentence, the petitioner applied for parole consideration.[1] Although his initial parole hearing was scheduled for the January 2007 parole docket, the petitioner's hearing was moved to a later date, so the commission could obtain additional information about a detainer lodged by the State of New Jersey.[2]

The petitioner's initial parole hearing was held on May 1, 2007, at the United States Penitentiary in Coleman, Florida. After calculating the petitioner's parole guideline range, and examining his prior criminal history and institutional conduct, the hearing examiner recommended that the petitioner be paroled to the New Jersey detainer on August 17, 2007. Although a reviewing examiner agreed with this assessment, the Commission rejected the examiners' recommendations and voted to continue the petitioner to the expiration of his sentence. In doing so, the Commission

---

[1] The petitioner asserts that he was advised in 1986 that he was not eligible for parole until he had served thirty years of his sentence.

[2] The detainer related to the life sentence the petitioner received in 1974 for the murder of an armored car guard.

found that the petitioner was a more severe risk than indicated by his Salient Factor Score. The Commission issued a Notice of Action on May 31, 2007, denying the petitioner parole. The notice stated that the petitioner would be eligible for a statutory interim hearing in May 2009.

The petitioner challenged the commission's decision to deny him parole, but that decision was affirmed on appeal by the National Appeals Board and a Notice of Action issued on August 2, 2007. On March 11, 2009, the Commission issued another Notice of Action amending the previous notice to show that the petitioner was continued to a 15-year reconsideration hearing in May 2022.

### III. Contentions of the Parties

#### A. The Petition

In the petition, the petitioner asserts:

(1) The parole commission failed to give him proper notice of his right to an initial parole hearing in 1987. Moreover, the petitioner challenges the validity of the waiver the commission contends he signed in 1986, waiving his initial parole hearing. Although he concedes the signature on the form appears to be his, the petitioner asserts that he did not knowingly and intelligently waive parole eligibility.

(2) The 19-year and 8-month delay on his initial parole hearing was unreasonable and prejudicial.

(3) The Commission's Notice of Action failed to comply with its regulations and the applicable statutes.

#### B. The Respondent's Response and Motion

In its response and motion, the respondent asserts that the petitioner's claims lack merit and that he has failed to sufficiently allege any violation arising from the denial of his parole. Therefore,

the respondent seeks dismissal of the petition. In support of its request, the respondent asserts:

(1) The petitioner knowingly and intelligently waived parole consideration in 1987 and fails to show any evidence that his waiver was not genuine. Therefore, the Commission was entitled to rely on his written waiver to justify not providing the petitioner with a parole hearing until after he applied for such consideration in 2006.

(2) There was no unreasonable delay in affording the petitioner a parole hearing. The petitioner waited twenty years to seek parole consideration. Therefore, the slight delay between his application for parole consideration and his actual hearing was not unreasonable or prejudicial. Morever, even if the delay was unreasonable, the petitioner has already received all of the relief he was due, as a parole consideration hearing has since been held.

(3) The Commission's Notice of Action was in accord with its statutes and regulations. Specifically, the respondent notes that the petitioner has failed to allege how the Notice of Action was deficient. Additionally, the respondent asserts that the petitioner's case was properly considered under the applicable statutes and guidelines, and the commission clearly articulated its reasons for denying parole and departing from the guidelines. Thus, the respondent argues that the Commission acted appropriately and within the parameters of the applicable statutes and regulations.

**C.    The Amended Petition**

In response to the respondent's motion, the petitioner filed an amended petition, apparently in an effort to state his claims with more particularity. In his amended petition, the petitioner asserts:

(1) The Commission's May 31, 2007 Notice of Action which denies him parole and

4

continues him to the expiration of his sentence, is contrary to 28 C.F.R. § 2.12(b)(3) because it arbitrarily rejects the hearing examiner's recommendation.

(2) The petitioner asserts that his waiver must be questioned because there are problems with its execution and because the essential terms of the instrument are invalid and unenforceable because he was not notified of his right to a parole hearing in 1987 or of his right to have a staff representative appear.

(3) The delay in his initial parole hearing was unreasonable and prejudicial because at that time he would have been eligible for reconsideration in 10 years and would have had reconsideration hearings in 1997 and 2007.

(4) The Notice of Action did not address the unreasonable delay between his application for parole consideration in September 2006 to his actual hearing date in May 2007, and improperly continued him to expiration of sentence in violation of 28 C.F.R. §§ 2.12(b)(3) and 2.14(c).

(5) Pursuant to 18 U.S.C. § 4205(d) the commission is required to base its findings on fact, not fanciful supposition.

(6) The Commission's amended Notice of Action acknowledges the deficiencies in the prior Notice of Action by noting the petitioner is entitled to reconsideration in 15 years.

(7) The Commission's amended Notice of Action was not provided to the plaintiff until he received a copy of the respondent's motion in violation of 18 U.S.C. § 4203(c)(4), thereby denying him the opportunity to appeal that decision and obstructing his access to the courts.

**D.** **The Respondent's Motion to Dismiss Amended Petition**

In its motion to dismiss amended petition, the respondent asserts that the amended petition

contains the same substantive claims and arguments as the original petition. Thus, the respondent stands by its original response and seeks dismissal for the reasons stated therein.

**E.     The Petitioner's Response to the Respondent's Motions**

In his response, the petitioner asserts that the Commission has proceeded in his case without any regard for its own regulatory provisions or enabling statutes. Moreover, the petitioner asserts that the Commission has exceeded its authority and violated his due process rights. The petitioner substantially accepts the Commission's statement of the facts and certified records. In addition, he stipulates to the waiver form as presented by the Commission, but still argues that his waiver was not knowingly and intelligently made. He also contends that the waiver is not enforceable and valid because the stated dates run contrary to the applicable statutory and regulatory provisions.

Next, the petitioner asserts that the March 11, 2009 Notice of Action violated the Commission's regulations because it states: "THE ABOVE DECISION IS NOT APPEALABLE."

He then asserts that the May 31, 2007 Notice of Action does not comply with 28 C.F.R. §§ 2.12(b) and 2.14(c)(1) in that it continues him to the expiration of his sentence. The petitioner asserts the proper application of these regulations would have been to his benefit and the failure to do so prejudiced his final judgment.

With regard to the August 2, 2007 Notice of Action, the petitioner asserts that the National Appeals Board failed to address his appeal papers directly and that its response to his appeal was arbitrary. In other words, the petitioner argues that the Board failed to specifically articulate the reasons for its denial and simply relied on the Commission's unfounded conclusory determinations.

Last, the petitioner asserts that his rights were violated by the 19-year and 8-month delay in his initial parole hearing because he was never notified of his parole eligibility in 1987.

### IV. Analysis

Judicial review of a decision by the Parole Commission is limited. See Brown v. Lundgren, 528 F.2d 1054 (5th Cir. 1976); Billiteri v. United State Board of Parole, 541 F.2d 938 (2d Cir. 1976). "So long as there are no violations of any required due process protections and Commission has acted within its authority, [the District Court] will not usurp the Commission's position as established in the statutory scheme enacted by Congress." Stroud v. United States Parole Commission, 668 F.2d 843, 846 (5th Cir. 1982). The District Court may review an action of the Parole Commission to determine whether the decision of the Commission is arbitrary and capricious or an abuse of discretion. Dye v. United States Parole Commission, 558 F.2d 1376, 1378 (10th Cir. 1977). An action of the Commission is arbitrary and capricious, or an abuse of discretion, when it is irrational, based upon impermissible considerations, or when it fails to comply with the Commission's own rules and regulations. Zannino v. Arnold, 531 F.2d 687, 690-691 (3d Cir. 1976).

**A. Validity of the Waiver/Reasonableness of 19-Year 8-Month Delay**

Although the petitioner originally challenged the authenticity of the waiver, he has since stipulated to the waiver as presented by the Commission. The form states: "This form is to be furnished to and completed by every inmate prior to every scheduled hearing before the Parole Commission. It must be furnished at least 60 days in advance of the scheduled hearings . . ." Dckt. 18 at Ex. 2. Thus, the purpose of the form itself is to notify a potential parolee of his or her impending eligibility for parole consideration. Therefore, by acknowledging the authenticity of the form, the petitioner also acknowledges that he received notice that he was eligible for parole consideration at or near February 1987, and his claim that he was not informed of his eligibility for parole consideration in 1987 is without merit.

However, the Court finds some support for the petitioner's claim that his "waiver" was not knowingly and intelligently made, as several inconsistencies in the waiver leave the Court doubting whether the petitioner ever properly waived his initial parole consideration in the first place. The form is dated December 19, 1986, but states: "Provided you have applied for parole in the space below, you will be given a hearing by officials of the U.S. Parole Commission on the docket of parole hearings scheduled for <u>  Feb  </u> to <u>       </u>, 19<u>86</u>." Id. Nonetheless, this is clearly a clerical error. Being the end of 1986, the person completing the form wrote 1986, when he or she intended to write 1987.

Also, the form is not clear as to the petitioner's actual wishes in this matter. The petitioner signed and dated the APPLICATION portion of the form which reads: "I hereby apply for parole, or have previously applied and still wish to be paroled." Id. Then, in the next section, he initialed line A which reads, "I wish to waive parole consideration at this time." Id. These sections contradict themselves. In the first, the petitioner requests a parole hearing, but in the second, waives it. Perhaps for clarification, near the top of the form, is a handwritten note which states: "waived initial." From these inconsistencies, it is not entirely clear that the Commission could "reasonably" rely on this particular waiver form to deny the petitioner parole consideration for thirty years.[3]

Nevertheless, even if the Commission's actions were not reasonable, the only relief available to the petitioner is a parole hearing, which he has already received. Thus, the petitioner is entitled to no further relief on these claims, even assuming they are meritorious. See Jones v. Bureau of

---

[3]To the extent the petitioner argues that the additional 8-month delay was unreasonable, the Court finds that claim to be without merit. The petitioner's parole hearing was delayed only long enough for the Commission to inquire with the state of New Jersey as to its pending detainer. Moreover, the petitioner still received his hearing in 2007, before he reached thirty years of service of his sentence. Therefore, he suffered no prejudice from the 8-month delay.

Prisons, 903 F.2d 1178, 1181 (8th Cir. 1990) (district court may not order petitioner released when Commission fails to give inmate parole hearing in the right manner, most court can do is order a fair hearing at earliest possible date); Billiteri v. Bd. of Parole, 541 F.2d at 944 ("the only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time . . . ").

**B.    Denial of Parole/Validity of Commission's First Notice of Action**

To the extent that the petitioner challenges the Commission's substantive decision to deny him parole, this court may only review that decision insofar as the decision violates the petitioner's due process rights or is arbitrary and capricious or an abuse of discretion. Here, the petitioner asserts that the Commission arbitrarily denied him parole after it was recommended by the hearing examiner and reviewing examiner.

Pursuant to 18 U.S.C. § 4203(c), the Commission "may delegate to hearing examiners any powers necessary to conduct hearings and proceedings . . . and recommend disposition" of an application for parole. However, the ultimate decision as to the grant or denial of parole lies with the Commission. Thus, the Commission is under no obligation to accept the recommendation of a hearing examiner. See 28 C.F.R. § 2.23. Moreover, "[t]he Commission may grant or deny release on parole notwithstanding the guidelines . . . if it determines there is good cause for so doing: *Provided,* That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon." 18 U.S.C. § 4206(c) (emphasis in original).

Here, there is no dispute that the applicable parole guideline in the petitioner's case is 86-126 months. At his initial parole hearing, the hearing examiner determined that the petitioner be paroled

9

to the custody of the State of New Jersey on August 17, 2007, after service of 360 months, or if the New Jersey detainer is not executed, to parole on September 17, 2007. Dckt. 18, Ex. 7 at 3. In making that recommendation, the hearing examiner noted that the petitioner had served 30 years of his sentence, which was equivalent to the mandatory release date for a term of life for murder. Id. In addition, although noting that the petitioner would have been a "horrendous risk to the public" if paroled in his earlier years, the hearing examiner found that the petitioner had been able to conduct himself appropriately for approximately 16 years and that he had become a mature individual of 58 years. Id. Additionally, the hearing examiner noted that the petitioner had been described by prison staff as a model inmate. Id.

The Commission, however, disagreed. In its Notice of Action, the Commission stated:

> Continue to expiration.
>
> \*\*\*\*\*\*\*\*
>
> REASONS:
>
> Your offense behavior has been rated as Category Seven severity because it involved Five (sic) Bank Robberies multiple separate offense rules. Your salient factor score is 5 . . . You have been in federal confinement as a result of your behavior for a total of 353 months as of May 18, 2007. Guidelines established by the Commission for the above offense behavior indicate a range of 78-110 months to be served before release for cases with good institutional adjustment and program achievement.
> You escaped or attempted to escape from secure custody 1 time(s). Guidelines established by the Commission indicate a range of 8-16 months to be added to your guideline range for each occurrence.
> Your aggregate guideline range is 86-126 months to be served.
> After a review of all relevant factors and information, a decision above the guidelines is warranted because you are a more serious risk than indicated by your Salient Factor Score due to your history of repetitive assaultive behavior and numerous armed robberies. Your present offense behavior involved the robbery of 5 federal banks, while you were on escape status from the State of N.J. (sic) prison system where you were serving a life sentence for murder. The NJ murder took place while you were on probation and the murder was

> of an armored truck guard during a robbery and another individual was seriously wounded. During the (sic) one of the five bank robberies a bank guard shot you, at which time you turned towards (sic) the guard and pointed your weapon in his direction but did not shoot. At the time of your apprehension you pointed your weapon at the police officers pursuing you, but did not fire. A search of your vehicle revealed 3 pistols, one shotgun, two bandaleros and 316 rounds of ammunition. In 1982 you were part of an escape attempted @ USPC and received a 5 yr consecutive sentence. Your propensity to possess weapons and use them, as well as your desire to commit armed robberies[,] make (sic) you a more serious risk and community threat.

Dckt. 18 at Ex. 10.

In this case, the Commission clearly determined that good cause existed to deny the petitioner parole, notwithstanding his guideline determination of 86-126 months. In addition, the Commission furnished the petitioner with "written notice stating with particularity the reasons for its determination, including a summary of the information relied upon." Thus, in denying the petitioner parole, the Commission acted within its authority under the applicable statutory and regulatory schemes, see 28 C.F.R. §§ 2.20 and 2.53, and the Notice of Action satisfies the requirements of 18 U.S.C. § 4206(c). Moreover, given the stated reasons for denying the petitioner parole, the Commission's decision was not arbitrary or capricious or an abuse of discretion.

To the extent the petitioner argues that the decision of the Commission is incorrect, rather than illegal or unconstitutional, this Court lacks the authority to make such a review. There is no judicial review of the merits of a parole decision on petition for writ of habeas corpus. See Stevens v. Quick, 678 A.2d 28, 31 (D.C. 1996). Federal habeas review is limited to "whether the petitioner has been deprived of his legal rights by the manner in which the . . . hearing was conducted." Id.

To the extent the petitioner argues that the Commission relied on the same information to establish his parole guideline range, and to justify its decision to exceed the guidelines, that claim

is without merit. "Double counting occurs when the Commission justifies a decision beyond the guidelines by relying on the factors for calculating offense severity under the guidelines." Kell v. U.S. Parole Com'n, 26 F.3d 1016, 1020 (10th Cir. 1994). Nonetheless, it is not impermissibly double counting when the Commission cites to the petitioner's criminal history and past conduct to establish a pattern of serious criminal behavior to show that the petitioner is not a good parole risk or may be a threat to the community if released to parole. Id.

In the petitioner's case, the Commission was clearly concerned about the petitioner's established pattern of violent and assaultive criminal behavior and his propensity to endanger the lives of others with his use of dangerous weapons. It believed that this pattern established that the petitioner would not be a good parole risk and would be a threat to the community if released to parole. Thus, the Commission did not engage in impermissible double counting.

Moreover, in coming to this conclusion, the Commission did not engage in "fanciful supposition" as the petitioner contends. Instead, the Commission applied its expertise in this area and made a well-reasoned and sound judgment that the petitioner's pattern of violent criminal behavior did not make him a good candidate for parole. This Court is not in the habit of second-guessing the expertise of the Commission in this area.

Finally, the petitioner asserts that the Commission's Notice of Action incorrectly stated that he was continued to the expiration of his sentence. Pursuant to 28 C.F.R. § 2.12(b), "[f]ollowing initial hearing, the Commission shall (1) set a presumptive release date . . . within fifteen years of the hearing; (2) set an effective date of parole; or (3) continue the prisoner to a fifteen year reconsideration hearing pursuant to § 2.14(c)." Accordingly, to the extent that the first Notice of Action continued the petitioner to the expiration of his sentence, the petitioner is correct that such

action was inappropriate under the applicable guidelines. However, on March 11, 2009, the Commission issued a Notice of Action amending the first notice to reflect that the petitioner is continued to a fifteen-year reconsideration hearing, rather than to the expiration of his sentence. Thus, upon finding its mistake, the Commission, of its own accord, corrected the error. Therefore, the petitioner has already received the only relief to which he is entitled.

**C.    The Petitioner's Appeal of the Commission's Denial of his Parole**

With regard to the Notice of Action issued by the National Appeals Board, the petitioner asserts that such notice failed "to address [his] appeal papers directly." Dckt. 30 at 7. In other words, it appears that the petitioner contends that the Appeals Board was required to address each and every one of his complaints in detail. However, the Court can find no such requirement in the applicable regulations. See 28 C.F.R. § 2.26. Moreover, upon a review of that notice, the Court finds that the National Appeals Board did address the petitioner's appeal complaints in detail. See Dckt. 18 at Ex. 12. Accordingly, this claim is without merit.

**D.    Validity of the Commission Amended Notice of Action**

In its March 11, 2009 Notice of Action, the Commission states:

> In the case of the above-named, the following action was ordered:
>
> Amend the Notice of Action dated May 31, 2007 to show that you are to Continue (sic) to a 15-Year Reconsideration Hearing in May 2022 (rather than continue to expiration, as shown on that Notice). All other provisions in that Notice remain in effect including the decision to deny parole and that you are to be scheduled for a Statutory Interim Hearing in May 2009.
>
> THE ABOVE DECISION IS NOT APPEALABLE.

Dckt. 18 at Ex. 13.

The petitioner asserts that his rights were violated because he never received a copy of this

13

notice. However, he also admits that at the time this notice issued, the facility at which he was incarcerated was under total lock-down due to gang violence, and that he was shortly thereafter transferred to another facility where he spent three months without his legal property. Dckt. 26 at 14. The petitioner makes no accusation that the notice was not properly sent to him, only that he did not receive it. Given the circumstances the petitioner describes, it is not surprising to learn that he did not receive the notice. The plaintiff has now, however, received the form and can show no prejudice from not receiving it. The notice was not appealable as it did not change the substantive decision to deny him parole, but only amended, in his favor, his reconsideration date. The petitioner was not entitled to use that notice to again appeal the substantive decision to deny him parole. He already had done so and had been denied.

## V. Recommendation

For the reasons stated, the undersigned recommends that the respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (dckt. 17) and Motion to Dismiss Amended Petition (dckt. 32) be **GRANTED** and that the petitioner's §2241 petition (dckt. 1) and amended § 2241 petition (dckt. 26) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins,

766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner via certified mail, return receipt requested, to his last known address as shown on the docket and to counsel of record.

DATED: February 26, 2010.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE