IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRENCE K. ALDEN,

    Petitioner,

v.                                    Civil Action No. 5:09CV76
                                                     (STAMP)
UNITED STATES PAROLE COMMISSION,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se[1] petitioner, Terrence K. Alden, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, challenging several circumstances surrounding his parole hearings. The petition was referred to United States Magistrate Judge David J. Joel for preliminary review pursuant to Local Rule of Prisoner Litigation Procedure 83.09. Thereafter, the respondent filed a motion to dismiss or, in the alternative, motion for summary judgment. The petitioner then requested permission to file an amended petition, which the magistrate judge granted. The respondent filed a second motion to dismiss or, in the alternative, motion for summary judgment as to the amended petition.

On February 26, 2010, the magistrate judge filed a report and recommendation in which he recommended that the respondent's motion

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

to dismiss or, in the alternative motion for summary judgment be granted; that the respondent's motion to dismiss the amended petition for writ of habeas corpus or, in the alternative, motion for summary judgment be granted; that the petitioner's § 2241 petition be denied and dismissed with prejudice; and that the petitioner's amended § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The petitioner filed late objections. For the reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge in its entirety.

## II. Facts

The petitioner was in the custody of New Jersey authorities for murder, for which he received a life time and seven years imprisonment, when he escaped from state custody and committed several federal bank robberies in 1976. Eventually, he was arrested in August of 1977, and sentenced by the United States District Court for the Eastern District of Missouri to a 125-year aggregate prison term for armed bank robbery. The United States District Court for the Southern District of Illinois later sentenced the petitioner in 1983 to five years for attempted escape, and he received a 10-year prison term in 1984 for conspiracy to instigate, aid, or assist an escape. The

petitioner's sentences were combined to form an aggregate sentence of 135 years.

The petitioner became eligible for parole consideration on August 17, 1987. Nevertheless, the petitioner did not receive his initial parole hearing at that time because he allegedly signed a waiver of initial parole consideration on December 20, 1986. Instead, he applied for parole consideration on September 12, 2006, in anticipation of completing thirty years of his sentence.[2]

The petitioner's initial parole hearing was held on May 1, 2007, at the United States Penitentiary in Coleman, Florida. At that time, the hearing examiner recommended that the petitioner be paroled to the New Jersey detainer on August 17, 2007. The Parole Commission, however, rejected this recommendation and voted to continue the petitioner to the expiration of his sentence. In support of this decision, the Parole Commission found that the petitioner was a more severe risk than indicated by his Salient Factor Score. Thus, the Parole Commission issued a Notice of Action denying the petitioner parole on May 31, 2007, and stating that the petitioner would be eligible for a statutory interim hearing in May of 2009.

The petitioner challenged the Parole Commission's decision to deny him parole, but that decision was affirmed by the National Appeals Board, and a Notice of Action was issued on August 2, 2007.

---

[2]The petitioner contends that he was advised in 1986 that he was not eligible for parole until he served thirty years of his sentence.

3

On March 11, 2009, the Parole Commission issued another Notice of Action amending the previous notice to show that the petitioner was continued to a 15-year reconsideration hearing in May of 2022.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the petitioner did not file timely objections, this Court reviews the report and recommendation of the magistrate judge for clear error.[3]

### IV. Discussion

The petitioner asserts three grounds for relief in his § 2241 petition: (1) the Parole Commission failed to give him proper notice of his right to an initial parole hearing in 1987, and he did not knowingly and intelligently waive parole eligibility through the waiver he signed in 1986; (2) the 19-year and 8-month delay on his initial parole hearing was unreasonable and

---

[3]The petitioner failed to file his objections within the time limitations set out in the magistrate judge's report and recommendation. Nevertheless, assuming without deciding, that the petitioner's objections were timely, they do not change the decision of this Court set forth below. Accordingly, because the petitioner's objections were untimely and not dispositive nonetheless, this Court reviews the magistrate judge's report and recommendation for clear error.

4

prejudicial; and (3) the Parole Commission's Notice of Action failed to comply with its regulations and the applicable statutes. Additionally, in his amended petition, the petitioner asserts that: (1) the Parole Commission's May 31, 2007 Notice of Action which denies him parole is contrary to applicable regulations because it arbitrarily rejects the hearing examiner's recommendation; (2) his waiver must be questioned because it contains problems with its execution, and the essential terms are invalid and unenforceable; (3) the delay in his initial parole hearing was unreasonable and prejudicial; (4) the Notice of Action did not address the unreasonable delay between his application for parole consideration and his actual hearing date, and it improperly continued him to expiration of sentence; (5) the Parole Commission is required to base its findings on fact; (6) the Parole Commission's amended Notice of Action acknowledges the deficiencies in the prior Notice of Action; and (7) the amended Notice of Action was not provided to the petitioner until he received a copy of the respondent's motion, thereby denying him the opportunity to appeal that decision.

In response, the respondent argues that the petitioner's claims lack merit, and that he has failed to sufficiently allege any violation arising from the denial of his parole.

Judicial review of a decision by the Parole Commission is limited. See Brown v. Lundgren, 528 F.2d 1050, 1054 (5th Cir. 1976); Billiteri v. United States Board of Parole, 541 F.2d 938, 944 (2d Cir. 1976). "So long as there are no violations of any

5

required due process protections and the Commission has acted within its authority, [the district court] will not usurp the Commission's position as established in the statutory scheme enacted by Congress." Stroud v. United States Parole Commission, 668 F.2d 843, 846 (5th Cir. 1982). The district court may review an action of the Parole Commission to determine whether the decision of the Parole Commission is arbitrary and capricious or an abuse of discretion. Dye v. United States Parole Commission, 558 F.2d 1376, 1378 (10th Cir. 1977). An action of the Parole Commission is arbitrary and capricious or an abuse of discretion when it is irrational, based upon impermissible considerations, or when it fails to comply with its own rules and regulations. Zannino v. Arnold, 531 F.2d 687, 690-91 (3d Cir. 1976).

A. Notice of Initial Parole Hearing/Validity of Waiver/ Reasonableness of Delay on Initial Parole Hearing

The magistrate judge found meritless the petitioner's argument that he was not informed of his parole consideration eligibility in 1987. Specifically, the magistrate judge held that the petitioner stipulated to the waiver, as presented by the Commission, which states, "This form is to be furnished to and completed by every inmate prior to every scheduled hearing before the Parole Commission. It must be furnished at least 60 days in advance of the scheduled hearings . . ." (Doc. No. 18, at Ex. 2.) Thus, by acknowledging the authenticity of the form, the petitioner also

6

acknowledged that he received notice that he was eligible for parole consideration around February 1987.

Furthermore, the magistrate judge found that despite several inconsistencies in the waiver that call into question whether it was made knowingly and intelligently, the only relief available to the petitioner is a parole hearing, which he has already received.[4]

Finally, the magistrate judge found that the additional 8-month delay on the petitioner's initial parole hearing was neither unreasonable nor prejudicial because the parole hearing was delayed only long enough so that the Parole Commission could inquire as to the petitioner's pending detainer in the State of New Jersey. The petitioner still received his hearing before he reached thirty years of service on his sentence, and he suffered no prejudice from the delay.

Based upon these findings, the magistrate judge held that the petitioner is entitled to no further relief on these claims. See Jones v. Bureau of Prisons, 903 F.2d 1178, 1181 (8th Cir. 1990) (finding that district court cannot order the petitioner released when Commission failed to give him a parole hearing, but may only give the petitioner a hearing at the earliest possible date). This

---

[4]The magistrate judge recognized that the waiver form was dated December 19, 1986, but that the form stated, "Provided you have applied for a parole in the space below, you will be given a hearing by officials of the U.S. Parole Commission on the docket of parole hearing scheduled for __Feb__ to _____, 1986." Id. The form, however, should have provided for the hearing in February of 1987. Also, in the same form, the petitioner seems to both request a parole hearing and waive it.

7

Court finds no clear error in the magistrate judge's recommendation as to these claims.

B. <u>Denial of Parole/Validity of Parole Commission's First Notice of Action</u>

To the extent that the petitioner asserts that the Parole Commission arbitrarily denied him parole after both a hearing and reviewing examiner recommended as such, the magistrate judge found that his claim lacked merit. This Court agrees.

While the Parole Commission "may delegate to hearing examiners any powers necessary to conduct hearings and proceedings . . . and recommend disposition" of a parole application, 18 U.S.C. § 4203(c), the final decision to grant or deny parole lies with the Parole Commission, itself. The Parole Commission, therefore, is under no obligation to accept the recommendation of a hearing examiner. <u>See</u> 28 C.F.R. § 2.23. Indeed "[t]he Commission may grant or deny release on parole notwithstanding the guidelines . . . if it determines there is good cause for doing so: *Provided*, That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon." 18 U.S.C. § 4206(c) (emphasis included).

In this case, the hearing examiner recommended that the petitioner be paroled to the custody of the State of New Jersey on August 17, 2007, following service of 360 months, or should the New Jersey detainer not be executed, to parole on September 17, 2007.

The Parole Commission disagreed, however, finding good cause existed to deny the petitioner parole and providing the petitioner with written notice outlining the reasons for its determination.[5]

---

[5]The Parole Commission stated in its Notice of Action:

Continue to expiration.

*******

REASONS:

Your offense behavior has been rated as Category Seven severity because it involved Five (sic) Bank Robberies multiple separate offense rules. Your salient factor score is 5 . . . You have been in federal confinement as a result of your behavior for a total of 353 months as of May 18, 2007. Guidelines established by the Commission for the above offense behavior indicate a range of 78-110 months to be served before release for cases with good institutional adjustment and program achievement. You escaped or attempted to escape from secure custody 1 time(s). Guidelines established by the Commission indicate a range of 8-16 months to be added to your guideline range for each occurrence. Your aggregate guideline range is 86-126 months to be served. After a review of all relevant factors and information, a decision above the guidelines is warranted because you are a more serious risk than indicated by your Salient Factor Score due to your history of repetitive assaultive behavior and numerous armed robberies. Your present offense behavior involved the robbery of 5 federal banks, while you were on escape status from the State of N.J. (sic) prison system where you were serving a life sentence for murder. The NJ murder took place while you were on probation and the murder was of an armored truck guard during a robbery and another individual was seriously wounded. During the (sic) one of the five bank robberies a bank guard shot you, at which time you turned towards (sic) the guard and pointed your weapon in his direction but did not shoot. At the time of your apprehension you pointed your weapon at the police officers pursuing you, but did not fire. A search of your vehicle revealed 3 pistols, one shotgun, two bandaleros and 316 rounds of ammunition. In 1982 you were part of an escape attempted @ USPC and received a 5 yr consecutive sentence. Your propensity to possess

9

The Parole Commission, thus, appropriately acted within its statutory authority. Given the stated reasons for denying the petitioner parole, moreover, the Parole Commission's decision was not arbitrary or capricious or an abuse of discretion.

To the extent that the petitioner argues that the decision of the Parole Commission is incorrect, rather than illegal or unconstitutional, the magistrate judge appropriately found that this Court lacks the authority to make such review. See Stevens v. Quick, 678 A.2d 28, 31 (D.C. Cir. 1996) (there is no judicial review of the merits of a parole decision on petition for writ of habeas corpus).

To the extent that the petitioner argues that the Parole Commission relied on the same information to establish his parole guideline range and to justify its decision to exceed the guidelines, that claim is unavailing. It is not impermissible for the Parole Commission to cite to the petitioner's criminal history to show that the petitioner is not a good parole risk or may be a threat to the community if released. Kell v. United States Parole Commission, 26 F.3d 1016, 1020 (10th Cir. 1994). Here, the Parole Commission was concerned about the petitioner's pattern of violent

---

weapons and use them, as well as your desire to commit armed robberies[,] make (sic) you a more serious risk and community threat.

criminal behavior.  It did not engage in impermissible double counting.[6]

Finally, to the extent that the first Notice of Action stated that the petitioner was continued to the expiration of his sentence, the petitioner is correct that such statement was in violation of the applicable guidelines.  "Following initial hearing, the Commission shall (1) set a presumptive release date . . . within fifteen years of the hearing; (2) set an effective date of parole; or (3) continue the prisoner to a fifteen year reconsideration hearing pursuant to § 2.14(c)."  28 C.F.R. § 2.12(b).  Nevertheless, on March 11, 2009, the Parole Commission issued an amended Notice of Action to reflect that the petitioner is continued to a fifteen-year reconsideration hearing.  Thus, the error is now corrected, and the petitioner is entitled to no further relief.

C. Appeal of the Parole Commission's Denial of Parole

The magistrate judge held that the petitioner's claim that the National Appeals Board failed to address his appeal papers is without merit.  Rather, the magistrate judge held that the National Appeals Board did address the petitioner's appeal complaints in detail.  This Court finds no clear error in this recommendation.

---

[6]"Double counting occurs when the Commission justifies a decision beyond the guidelines by relying on the factors for calculating offense severity under the guidelines."  Kell, 26 F.3d at 1020.

D. <u>Validity of the Parole Commission Amended Notice of Action</u>

Finally, the petitioner contends that his rights were violated because he never received a copy of the March 11, 2009 amended Notice of Action. The petitioner, however, has now received the form and has shown no prejudice from not receiving it. Thus, the magistrate judge's finding that this claim lacks merit is not clearly erroneous.

## V. Conclusion

For the reasons set forth above, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the respondent's motion to dismiss or, in the alternative, motion for summary judgment is GRANTED; the respondent's motion to dismiss amended petition for writ of habeas corpus or, in the alternative, motion for summary judgment is GRANTED; the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE; and the petitioner's amended § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to timely file objections to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment

of this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   March 26, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE